IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| TONYA COX, individually and as surviving mother of Kayla Cox, and as Personal Representative of the Estate of Kayla Cox, deceased, <br><br>and<br><br>TONYA COX, individually and as surviving mother of Derrick Cox, and as Personal Representative of the Estate of Derrick Cox, deceased,<br><br>         Plaintiff,<br><br>v.<br><br>GENERAC POWER SYSTEMS, INC., et al.,<br><br>         Defendants. | Case No. 08-4278-CV-V-NKL |

**ORDER**

Plaintiff Tonya Cox filed this wrongful death action arising out of the deaths of her minor children. According to the Complaint, at the time of their death, the children and their father had traveled from Indiana to Carthage, Jasper County, Missouri, to attend a horse show and sale. The Complaint states that all three died of carbon monoxide poisoning when they were sleeping in the living quarters of a horse trailer; the carbon monoxide came from a power generator located outside the trailer.

The Complaint names the following Defendants: Generac Power Systems, Inc.; Sundowner Trailers, Inc.; Sundowner Trailer Company Inc.; Sundowner of Ohio, Inc.;

Sundowner of Ohio, LLC; Kerlin Motor Company, Inc.; Leslie A. Hodges; D & T Transport, Inc.; David W. Grossman, d/b/a D&T Transport; Thomas W. Tauteris, d/b/a D&T Transport; Mark Clingenpeel; and John Does 1-5. Plaintiff alleges that all Defendants are liable for the deaths of her children. Asserting this Court's diversity jurisdiction, she brings the following claims in her fourteen-count Complaint: strict liability (failure to warn), negligent failure to warn, strict liability (defective design), negligence (defective design), negligently supplying dangerous instrumentality, and negligence.

Before the Court is the Motion to Dismiss or in the Alternative, Motion to Transfer for Improper Venue [Doc. # 52] filed by the following Defendants: D & T Transport, Inc.; David W. Grossman; Thomas W. Tauteris; Generac Power Systems, Inc.; Sundowner Trailers, Inc.; and Sundowner Trailer Company, Inc. (hereinafter "Defendants"). On April 15, 2009, the Court gave the parties an opportunity to file supplemental briefing on the motion; no supplemental briefs were filed. For the following reasons, the Court denies the motion.

**I.      Motion**

In their motion, Defendants argue that this case should be dismissed, or transferred, for improper venue "under the common law doctrine of *forum non conveniens*, pursuant to 28 U.S.C. § 1391(a). In their reply brief, Defendants change their argument to summarily state that 28 U.S.C. § 1406 and Local Rule 3.2(b)(3) requires dismissal or transfer to the United States District Court for the Western District of Missouri, Southwestern Division.

In support of their motion, Defendants state that the allegations giving rise to

2

Plaintiff's claims occurred in Carthage, Jasper County, Missouri, which is in the Southwestern Division of the Western District of Missouri. *See generally* Local Rule 3.2(a)(3)(b) (providing that Jasper County is in the Southwestern Division).

According to the Complaint, Generac Power Systems, Inc., is a Wisconsin corporation with its principle place of business in Wisconsin, but that it is licensed to do business in Missouri and has a registered agent in Jefferson City, Missouri; Generac Power Systems, Inc., admits this in its Answer. Defendants indicate that all other Defendants reside outside of Missouri. Defendants seem to argue – and Plaintiff does not dispute – that, with the exception of Generac Power Systems, Inc., no Defendant has contacts within the Western District of Missouri outside of the Southwestern Division.

Looking to other factors relevant to venue, Defendants point out that Plaintiff is a Michigan resident and that there are material witnesses located in the Southwestern Division. In sum, Defendants argue that venue is not proper in the Central Division and the Plaintiff's claims should be dismissed or transferred to the Southwestern Division.

## II. Discussion

### A. Local Rule 3.2

Local 0Rule 3.2 addresses divisional venue. Rule 3.2(b) states, in relevant part:

1. **Single defendant.** All actions brought against a single defendant who is a resident of this district must be brought in a division where the defendant resides, or where the claim for relief arose.

2. **Multiple defendants.** All actions brought against multiple defendants all of whom reside in the same division must be brought in that division, or in the division where the claim for relief arose. If at least two of the defendants reside

3

> in different divisions, such action shall be filed in any division in which one or more of the defendants[ . . . ] reside, or where the claim for relief arose.
>
> **3.     Non-resident defendant.** If none of the defendants is a resident of the Western District of Missouri, the action shall be filed in the division where at least one plaintiff resides, or where the claim for relief arose.

*Id.* Local Rule 3.2 is to be "construed consistently with the text and definitions contained in 28 U.S.C. §§ 1391(c), (d)(e) and (f), 1392, 1446(a), 1404(a) and 1406(a) and (b)." Local Rule 3.2(d).

In applying Local Rule 3.2, the Court must determine whether any defendant resides in the Central Division. Defendant Generac Power Systems, Inc., is a Wisconsin corporation, but is licensed to do business in Missouri and has a registered agent in Jefferson City, Missouri, which is in the Central Division. 28 U.S.C. § 1391(c) addresses the residency of corporations for venue purposes:

> (c) For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. . . .

*Id.*

Applying § 1391(c)'s provisions for corporate residency to the question of divisional venue under Local Rule 3.2, the issue becomes whether Generac Power Systems, Inc., is subject to personal jurisdiction in the Central Division. "One of the most solidly established ways of giving such consent [to personal jurisdiction] is to designate an agent for service of process" within the jurisdiction. *See Knowlton v. Allied Van Lines, Inc.*, 900 F.2d 1196 (8th Cir. 1990) (finding that, although the district court in Minnesota did not have personal

4

jurisdiction over a corporation under the Minnesota long-arm statute, it did have jurisdiction by consent where the corporation had designated an agent there). By designating an agent in the Central Division, Generac Power Systems, Inc., consented to jurisdiction. For venue purposes, Generac Power Systems, Inc., is a resident of the Central Division.[1]

Therefore, Local Rule 3.2(b)(3) is inapplicable because not all of the Defendants are non-residents. Local Rule 3.2(b)(1) is also inapplicable because there are multiple defendants.

Local Rule 3.2(b)(2) concerns multiple defendants and, in relevant part, addresses a situation where "at least two defendants reside in different divisions." Here, one of the multiple defendants, Generac Power Systems, Inc., resides in the Central Division. Other defendants reside in different divisions, including divisions within different districts. Under Local Rule 3.2(b)(2), in such cases, actions are properly brought in a division where one defendant resides. *See id.* Because Generac Power Systems, Inc., resides in the Central Division, venue is proper in the Central Division. Alternatively, if no local rule controls, then 28 U.S.C. §§ 1391 does. As discussed below, there is venue under that statute.

### B. 28 U.S.C. §§ 1391(a) and § 1406(a)

The statutory sections cited in Defendants' briefing do not warrant transfer. Section 1391(a) addresses district venue, and -- by arguing for venue within this district -- Defendants concede that venue is proper in the Western District of Missouri. *See* 28 U.S.C.

---

[1] The parties give no indication that any other defendant is a resident of the Central Division.

5

§ 1391(a)(2). Transfer under 28 U.S.C. § 1406(a), which provides for transfer where venue is not proper, does not apply.

### C. *Forum Non Conveniens* and 28 U.S.C. § 1404(a)

Defendants also invoke the common law doctrine of *forum non conveniens*. Rather than the doctrine of *forum non conveniens*, 28 U.S.C. § 1404(a) applies to situations where -- as here -- venue is proper but also where another federal district court would provide a more convenient forum. *See* Fed. R. Civ. P. § 1404(a). Since the enactment of § 1404(a), courts seldom apply the doctrine of *forum non conveniens:*

> With the relative ease of transfer under [§] 1404(a), the harsh step of dismissal of [an] action under the *forum non conveniens* principle has become unnecessary in most circumstances. Thus, it is only appropriate when the more convenient forum is in a foreign country or perhaps, under rare circumstances, that forum is a state court or a territorial court.

14D C. Wright, A. Miller, & E. Cooper, Federal Practice & Procedure § 3828 (citing *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 127 S. Ct. 1184 (2007); remaining citations omitted). Thus, application of the doctrine *forum non conveniens* is not appropriate.

Looking to § 1404(a), the Court considers three general factors: "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). "In general, federal courts give considerable deference to a plaintiff's choice of forum and thus [a] party seeking transfer under [§] 1404(a) typically bears the burden of proving that a transfer is warranted." *Id.* at 695.

6

Defendants touch upon only one of the relevant § 1404(a) factors: the convenience of the witnesses. Defendants simply state that material witnesses (apparently emergency workers who responded to the scene of the incident) are located in the Southwestern Division.

Applying the requisite deference to Plaintiff's choice of forum, the location of some witnesses in the Southwestern Division does not warrant transfer. None of the parties is physically located in the Southwestern Division. Defendants give no indication that the interests of justice would be better served there as opposed to in the Central Division. As such, the Court declines to transfer the case pursuant to 28 U.S.C. § 1404(a).

## III. Conclusion

Accordingly, it is hereby ORDERED that Defendants' Motion to Dismiss or in the Alternative, Motion to Transfer for Improper Venue [Doc. # 52] is DENIED.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: May 11, 2009
Jefferson City, Missouri